NOT FOR PUBLICATION     [Dkt. Nos. 84, 88, 92 and 101]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ELVIRA PENG, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITIMORTGAGE, et al.,<br><br>    Defendants. | :<br>:<br>: Civil Action No. 12-395<br>: (RMB/JS)<br>:<br>:<br>: **MEMORANDUM ORDER & OPINION**<br>:<br>:<br>:<br>: |

**BUMB,** United States District Judge:

  On November 15, 2012, this Court entered an Order administratively terminating all pending motions in this case in order to permit the Plaintiffs Elvira Peng and Daniel Chiong, both appearing pro se, an opportunity to obtain legal counsel as they had requested.  On January 9, 2013, Plaintiffs filed a letter requesting that the Court put this case on "hold" because they did not yet have legal counsel, and Plaintiff Chiong would not be finishing his "studies" until August 2013. [Dkt. Ent. No. 101].  Additionally, Plaintiffs sought the opportunity to seek the "help of the Consumer Fraud Protection Bureau." [Dkt. Ent. 101].  Over ten months have passed and neither Plaintiff has entered an attorney's appearance.

For the reasons set forth herein, (1) the Clerk of the Court is directed to re-open this matter, (2) Plaintiffs' motion [Dkt. Ent. 101] to put this matter on "hold" is **DENIED,** and (3) all pending motions, Plaintiffs' Motion for Reconsideration [Dkt. Ent. 84], Plaintiffs' Motion to Re-open the Case against Defendant Vineland [Dkt. Ent. 92], and Plaintiffs' Motion for Leave to File an Amended Complaint [Dkt. Ent. 88] are all **DENIED.**

**BACKGROUND**

On January 18, 2012, Plaintiffs filed this action against Defendants CitiMortgage, Inc. ("CitiMortgage"), Source One Mortgage, Inc., and Mortgage of Electronic Registration Systems, Inc. ("MERS"). Plaintiffs purported to allege violations of the Truth in Lending Act ("TILA") and Real Estate Settlement Procedure Act ("RESPA"), as well as numerous purported state causes of action. Plaintiffs had earlier filed, on December 16, 2011, a related case in the Superior Court of New Jersey, Cumberland County, against only Defendant CitiMortgage, essentially alleging similar facts but not specifically alleging TILA or RESPA violations. On February 9, 2012, Defendant CitiMortgage removed the state court action to this Court on the grounds that there was complete diversity of citizenship under

28 U.S.C. § 1332.[1]  The Court consolidated both actions for case management purposes on February 17, 2012, and for all purposes on April 17, 2012.  Defendants CitiMortgage and MERS moved to dismiss the complaints in both actions.  This Court held oral argument on April 16, 2012.

After extensive oral argument, the Court granted the motions to dismiss without prejudice and gave Plaintiffs thirty days to file an amended complaint addressing the various and numerous deficiencies identified during the oral argument.  Thereafter, Plaintiffs filed an amended complaint, dropping MERS as a defendant and naming the City of Vineland ("Vineland"), Landmark Building Development Co. ("Landmark"), Landis Title Corp., and TD Bank as defendants.  Each of these defendants thereafter moved to dismiss the amended complaint.  The Court conducted yet another extensive oral argument on September 7, 2012.  By Order dated September 24, 2012 [Dkt. Ent. 83], the Court dismissed the amended complaint with prejudice against the City of Vineland.  The Court further ordered that all claims sounding in TILA and RESPA against the remaining defendants were dismissed with prejudice, but afforded Plaintiffs yet another opportunity to re-plead their fraud-based claims by October 8, 2012.  Recognizing that Plaintiffs were appearing pro se, the

---

[1] CitiMortgage also noted that the complaint appeared to allege causes of action under "possibly federal law." [Dkt. Ent. 1].

3

Court afforded Plaintiffs such opportunity to amend so that it could discern the exact causes of action. The Court noted during oral argument that it was difficult to ascertain what claims Plaintiffs were alleging. Plaintiffs' motion for leave to file a second amended complaint [Dkt. Ent. 88] followed.

**Motion for Reconsideration and Motion to Re-Open**

The first motions before the Court are titled (a) "PETITION FOR RECONSIDERATION TO REVERSE THE DECISION OF JUDGE RENEE MARIE BUMB ON HER DECISION TO THE DEFENDANT VINELAND MUNICIPAL DISMISSING THE PLAINTIFFS AMMENDED COMPLAINT WITH PREJUDICE TO WITHOUT PREJUDICE" [Dkt. Ent. 84]; and (b) "MOTION TO RE-OPEN THE CASE FOR THE DEFENDANT VINELAND MUNICIPAL OR CITY OF VINELAND AND MOTION FOR 'LIS PENDES'" [Dkt. Ent. 92]. The Court understands both motions to seek reconsideration of the Court's prior ruling dismissing Vineland as a defendant.

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment under Rule 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Agostino v. Quest Diagnostics, Inc., Civ. No. 04-4362, 2010 WL 5392688, *5 (D.N.J.

4

Dec. 22, 2010) (citing Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005)). Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Id. (citing Bryan, 351 F. Supp. 2d at 297).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. den'd, 476 U.S. 1171 (1986) (internal citation omitted). Reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) (internal citation omitted). Reconsideration is only appropriate if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations omitted). Further, "any evidence not supported with citation to the record and overlooked by the

5

Court will not be grounds for a motion for reconsideration." Gilbert v. Camden City, Civ. No. 04-3268, 2007 WL 1040978, *4 (D.N.J. Apr. 4, 2007).

Both motions rehash the very same arguments over which this Court labored during oral argument on September 7, 2012. This Court made a considerable effort in attempting to ascertain the allegations as stated by Plaintiffs. After having done so, and upon careful consideration, the Court dismissed all of Plaintiffs' claims against the City of Vineland. Accordingly, because neither motion sets forth any reason for this Court to correct its prior ruling, both motions are **DENIED**.

**Motion for Leave to File Second Amended Complaint**

Plaintiffs' motion titled "MOTION TO LEAVE IN COURT AND FILE THE SECOND AMMENDED COMPLAINT AND TO ADD KARL SENSEMAN AS DEFENDANT" [Dkt. Ent. 88] fares no better. Leave to amend should be denied when the proposed amendment would be futile. See generally In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997). In this context, futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. at 1434.

Plaintiffs' proposed amended complaint re-alleges the various federal claims that this Court had previously dismissed,

6

but adds a new defendant, Karl Senseman. The Court has reviewed the proposed amended complaint and it is replete with either conclusory allegations or legal conclusions. In many instances, as the Defendants point out in their opposition briefs, the allegations are flatly contradicted by documents referenced in the proposed amended complaint, as the Court had discussed at oral argument.

The Court repeatedly advised Plaintiffs that any proposed amended complaints would be required to comport with the provisions of Federal Rules of Civil Procedure 9(b) which provides that "in alleging fraud or mistakes, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The reason for such rule, as explained by the Court, was to "provide Defendants with notice of the precise misconduct with which they are charged, and to safeguard the Defendants against serious charges of immoral and fraudulent behavior." Seville Industries Machine Corp. v. Southmost Machine Corp., 742 F.2d 786, 791 (3d Cir. 1984). The allegations in the proposed amended complaint do not comport with Fed. R. Civ. P. 9(b). Moreover, scattered throughout the proposed complaint are bare citations to various federal statutes other than RESPA and TILA, e.g., 42 U.S.C. § 1981 (¶ 56), 42 U.S.C. § 1983 (¶¶ 67 and 93). Merely citing a federal statute will not suffice to state a cause of action.

7

In addition, Plaintiffs appear to assert various state law claims although it is difficult for the Court to identify precisely what the causes of action or applicable state laws are. The proposed amended complaint alleges the following "FRAUDULENT MISREPRESENTATION; CONSTRUCTIVE FRAUD; CONSUMER FRAUD; BREACH OF FIDUCIARY DUTY; BREACH OF CONTRACT; UNFAIR BUSINESS PRACTICE;" "UNCONSCIONABLE COMMERCIAL PRACTICE;" and/or "FRAUDULENT CONSPIRACY." [Dkt. Ent. 88 at 2, 7, 12]. It is well-settled that "factual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009). Plaintiffs' claims, to the extent they even allege a recognizable cause of action, which is uncertain, are based on the same insufficient, conclusory, or contradictory allegations as Plaintiffs' purported federal claims. For example, Plaintiffs allege breach of contract claims against Defendants Landmark and Senseman based upon an inaccurate square footage measurement, but they admit that the contract provided that dimensions were "approximate" only. [Id. At 2-3]. Such allegations mandate dismissal of their breach of contract claims. Moreover, most of these other purported state law claims appear to sound in fraud (e.g., "unconscionable,"

8

"unfair," "fraudulent," etc.) and therefore fail because they do not satisfy the requirements of Rule 9(b) as set forth above.

Accordingly, because the Court cannot ascertain from the proposed amended complaint any federal or state cause of action entitling Plaintiffs to relief, this Court will deny the Motion to File a Second Amended Complaint.

In addition, no further amendments to the pleadings will be permitted.  Although leave to amend is generally granted liberally, a court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); Foman v. Davis, 371 U.S. 178, 182 (1962).  Here, despite providing Plaintiffs several opportunities to amend their complaint so as to cure the deficiencies that the Court has painstakingly pointed out, the allegations of the proposed amended complaint are still insufficient.  As such, the Court finds that permitting further amendments to Plaintiffs' complaint would both be futile and cause additional undue delay to these proceedings.  See Baumgardner v. Ebbert, No. 13-2107, 2013 WL 4047436, at *3 n.2 (3d Cir. Aug. 12, 2013) ("Having had two opportunities to amend his complaint, we agree with the

9

District Court that allowing Baumgardner to amend for a third time would be futile." (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002))).

**Motion to Put the Case on Hold**

Finally, Plaintiffs seek an Order from this Court to "HOLD THE PROCEEDING OF THIS CASE UNTIL THE PLAINTIFFS FIND THEIR LEGAL COUNCIL IN BEHALF TO THEM OR TO CONTINUE THE CASE WITH OUT THE PARTICIPATION OF MR. DANIEL CHIONG DUE TO THE CONFLICT OF HIS STUDY, ONLY ELVIRA PENG WILL CONTINUE TO THE CASE, AFTER SHE RECEIVED THE ADVICE FROM THE CONSUMER PROTECTION BUREAU." This Court sees no reason to grant Plaintiffs' request. The Court gave Plaintiffs an opportunity to secure counsel almost ten months ago, and they have failed to secure representation. To put this case on hold indefinitely, as Plaintiffs' request, would inure to the detriment of the Defendants, as well as this Court. While this Court recognizes that there is some deference to be given to a pro se plaintiff, see Erickson v. Pardus, 551 U.S. 89 (2007), a pro se plaintiff must nonetheless be prepared to litigate his or her case. Each defendant, as well as this Court, has attempted to respond to the various motions filed by Plaintiffs. A considerable amount of resources, including judicial resources, have been spent to give the Plaintiffs their "day in Court." The Court has undertaken considerable efforts to assist Plaintiffs in understanding what their allegations

10

must set forth, and it has given Plaintiffs ample opportunity to file pleadings that comport with the law. It can do no more. Plaintiffs are not entitled to delay these proceedings further merely for their convenience. In sum, having given Plaintiffs the deference they are due, the Court is no longer willing to protract this litigation. Accordingly, Plaintiffs' motion to put this matter on "hold" is **DENIED**.

Accordingly, for all of the above reasons,

**IT IS** on this, the **17th** day of **September 2013**, hereby

**ORDERED** that all pending motions, Plaintiffs' Motion for Reconsideration [Dkt. Ent. 84], Plaintiffs' Motion to Re-open the Case against Defendant Vineland [Dkt. Ent. 92], Plaintiffs' Motion for Leave to File an Amended Complaint [Dkt. Ent. 88], and Plaintiffs' motion to put this matter on "hold" [Dkt. Ent. 101] are **DENIED**; and it is further

**ORDERED** that the First Amended Complaint [Dkt. Ent. 20] is **DISMISSED** in its entirety with prejudice; and it is further

**ORDERED** that, having provided Plaintiffs with several opportunities to cure the deficiencies in their complaint to no avail, and finding that any further amendments would be futile and result in undue delay, no further amendments will be permitted; and it is further

**ORDERED** that the Clerk of the Court shall close the file.

s/ Renée Marie Bumb
Renée Marie Bumb
United States District Judge
